**Kimmel & Silverman, P.C.**
**30 East Butler Pike**
**Ambler, PA 19002**
**Attorney of Record: Amy L.B. Ginsburg**
**Attorney for Plaintiff**

*Attorneys for Plaintiff, Krystal Forbes,*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KRYSTAL FORBES, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIX FLAGS GREAT ADVENTURE, LLC, a wholly-owned subsidiary of SIX FLAGS THEME PARKS, INC.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>**--and--**<br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Krystal Forbes, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action against Defendant, Six Flags Great Adventure, LLC, a wholly-owned subsidiary of Six Flags Theme Parks, Inc. ("Defendant") for violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8, *et. seq,* unjust enrichment, conversion, fraudulent misrepresentation, and breach of contract. In support of this Complaint, Plaintiff avers as follows:

**I.   PRELIMINARY STATEMENT**

1. Defendant owns and operates one of the most popular amusement and water parks

in the Northeastern region ("Park").

2. Every year, the Park offers season passes to purchase. As advertised on the Park's website, a season pass includes the following, among other perks:

    a. 45 rides, shows, and attractions;

    b. Unlimited visits on public operating days;

    c. Admission to "Fright Fest" and "Holiday in Park" events;

    d. Admission to all Six Flags Theme Parks; and

    e. Free tickets for friends on select days

See https://www.sixflags.com/greatadventure/store/tickets (as of 6/3/2020).

3. Defendant charges fees to the consumers for the season pass.

4. Beginning on or about March 2020, the Coronavirus Disease 2019 ("COVID-19") pandemic caused stay-at-home orders and extreme social distancing restrictions. As a result, many theme parks have had to cease or modify operations.

5. Prior to COVID-19, as stated above, the season pass included unlimited visits on public operating days, including tickets to two holiday theme events at the Park.

6. As a result of COVID-19, the Park is currently closed.

7. However, the Park is making plans to open with modified operations. The modifications include a registration system to visit the Park on certain days, with a limited number of guests allowed each day. Further, all guests are required to wear masks to enter.

8. As a result of these modifications, season pass holders will no longer enjoy unlimited visits to the Park.

9. Despite the changes to its business operations, which include substantially reduced Park access to season ticket holders, Defendant refuses to furnish refunds to those

consumers who purchased season tickets before the COVID-19 Pandemic.

10. Defendant's current business operations do not offer the season pass holder the benefits they paid for with the realities of the COVID-19 Pandemic.

11. At a time when over 40 Million Americans are unemployed, Defendant's actions not only fail to deliver to consumers the full scope of their purchase, which would allow them to temporarily escape to enjoy the features of the Park, but deprive them of recovering money that they may need for other uses because of the COVID-19 Pandemic.

12. By conducting itself in the above manner, Defendant has used the COVID-19 Pandemic to give itself a windfall financial benefit in curtailing business operations but not offering refunds to consumers who want one.

13. Season pass holders have been and continue to be deprived of material consideration Defendant promised to deliver but now is unable and/or unwilling to provide.

14. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals who are now restricted in visiting the Park in such a way as to deprive them of the benefit of their bargain, resulting from Defendant's changes in business operations and refusal to issue refunds.

15. Defendant's uniform conduct is equally applicable to the class.

## II. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

17. This Court has personal jurisdiction over Defendant, which regularly conducts business within the State of New Jersey, and thus has significant, continuous, and pervasive

contacts with the State.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and Plaintiff suffered the alleged harm in this district.

### III.  PARTIES

19. Plaintiff, Krystal Forbes, is a citizen and resident of Westampton, Burlington County, New Jersey.

20. Defendant is a limited liability company, and as such, has the citizenship of its Members.  See Zambelli Fireworks Mfg., Co. v. Wood, 592 F.3d 412, 419-420 (3rd. Cir. 2010).

21. Defendant is a wholly-owned subsidiary of Six Flags Theme Parks, Inc., a Delaware Corporation, which has its principal place of business located in Grand Prairie, Texas and as such, is a citizen of the States of Delaware and Texas.

### IV.  FACTS CONCERNING THE PARTIES

22. On September 28, 2019, Plaintiff bought four (4) season pass tickets with a meal plan for the 2020 park season.

23. The tickets were purchased online through the Defendant's website.

24. Plaintiff was charged $393.80 for the referenced purchase.

25. After not receiving any updates directly from Defendant regarding use of her season passes during the 2020 season, Plaintiff went on the Park's website where she found new restrictions for season ticket holders.

26. Plaintiff learned that going forward, reservations were necessary to visit the park when it reopened and that visits would be limited by number of guests each day, where before there were no such restrictions or a reservation policy.

27. Plaintiff also learned that guests would be required to wear face masks.

28. Plaintiff's daughter is asthmatic and therefore cannot wear a face mask for long periods of time, especially in the heat.

29. Further, the policy of a face mask, while reasonable in many circumstances of the COVID-19 Pandemic era, is not a practical safety measure in an amusement park where the attractions and rides make it likely if not certain that the masks will come off or be lost entirely and where food is served and requires masks to be removed to eat. Because of these realities, Plaintiff alleges that the policies Defendant implemented are not reasonable and should have caused a closure of the Park for the season and/or until the COVID-19 Pandemic has ended.

30. Plaintiff reached out to Defendant seeking a full cash refund for her tickets.

31. Plaintiff received an email reply from Defendant that they are "unable" to provide a refund for the 2020 season pass tickets.

32. As a result of Defendant's decisions and new policies, Plaintiff and other season ticket holders have seen the benefits of their purchase materially diluted to such a degree as to make them impractical to use and of little or no practical value whatsoever.

33. Left with no alternative other than to accept what Defendant has dictated under the circumstances, Plaintiff and other similarly-situated individuals seek damages for recovery of the full purchase price of each and every season ticket purchased from Defendant for the 2020 Season.

## V.  CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), b(3).

35. This claim is brought on behalf of a Class consisting of all customers in the State

of New Jersey who prior to March 13, 2020, purchased 2020 season pass tickets to Six Flags Great Adventure and have not been provided a refund.

36. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of the Defendant's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitations to particular issues, as discovery and the orders of this Court warrant.

38. The identities of all class members are readily ascertainable from the Defendant's records.

39. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

40. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. <u>Numerosity</u>: Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than

100 and exceeds the number required for jurisdiction under 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Given the popularity of the Park and the volume of season ticket holders, that number greatly exceeds the number to make joinder possible. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

b. <u>Common Questions Predominate</u>: Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to, whether Defendant has refused to offer refunds and whether it has breached its contract with its customers or otherwise acted unlawfully.

c. <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged fees and suffered losses. Plaintiff and all Class Members have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

e. <u>Superiority</u>: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual

Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## VI.     FIRST CAUSE OF ACTION
### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J. STAT. ANN. § 56:8, *et seq.*

44. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding

paragraphs as though the same were fully set forth herein.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

46. Defendant made intentional misrepresentations to Plaintiff and the Class Members regarding the benefits they would receive from the purchase of season ticket passes to the Park and their ability to receive a fund.

47. Said misrepresentation by Defendant was an unconscionable consumer practice.

48. Plaintiff and the Class Members reasonably relied on Defendant's intentional misrepresentations.

49. Defendant's representations proximately caused damage to Plaintiff and the Class Members.

50. By misrepresenting that Plaintiff and the Class Members were only entitled to refunds or limited use of their tickets when it could not provide the benefits promised, Defendant financially damaged Plaintiff and members of the Class.

51. The actions of Defendant entitle Plaintiff and other Class Members to a full refund of all consideration paid, plus interest and attorney fees and costs.

52. Further, as a result of the foregoing, Plaintiff and Class Members suffered and will continue to suffer ascertainable losses and other damages as described in detail in paragraphs 18 through 28 of this Class Action Complaint, and are entitled to treble damages as provided by N.J.S.A. § 56:18-19.

## VII. SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

53. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

55. Defendant and Class Members, including Plaintiff, entered into valid contracts for Defendant with respect to purchases made of Defendant's website.

56. Defendant's services carried with it the obligation to provide unlimited passes to the park, tickets to holiday themed events at the Park, and did not require guests to wear face masks to enter the park.

57. Plaintiff and the Class Members purchased season passes for use at Defendant's Parks in reliance that they would be able to reap the benefits as advertised, without restriction.

58. Defendant breached its obligations owed to Plaintiff and Class Members by failing after-the-fact to provide a full refund due to the restrictions above as a result of the COVID-19 Pandemic.

59. As a result of Defendant's failure to perform the contract, Plaintiff and other Class Members have been damaged and did not receive the paid for benefits, refund, and/or performance to which they each and all were entitled.

60. As a result, Plaintiff and the Class Members are entitled to fair compensation in the form of full refunds for all tickets, fees, taxes, and interest that Defendant charged and/or collected.

### VIII. THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

61. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

63. Defendant has benefitted from its unlawful acts by retaining the payments used to purchase tickets which cannot be used in their entirety. Retentions of those monies under these circumstances is unjust and inequitable.

64. Because Defendant's retention of the non-gratuitous benefits conferred by Plaintiff and other members of this Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

### IX. FOURTH CAUSE OF ACTION
### CONVERSION

65. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

67. Defendant had wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and members of the class as customers cannot fully use the season pass tickets they purchased while Defendant has unlawfully retained the monies Plaintiff and the Class Members paid for the season pass tickets.

68. Defendant deprived Plaintiff and the other members of the Class of the value they paid for the season pass tickets as well as their right to a refund.

69. Plaintiff and members of the Class have requested and/or demanded that Defendant issue refunds.

70. This interference with the rights and services for which Plaintiff and the members of the Class paid damaged Plaintiff and the members of the Class, in that they purchased tickets, and, as such, Defendant has deprived Plaintiff and members of the Class of the right to their

property, in this case, the amounts paid for tickets.

71. Plaintiff and members of the Class are entitled to a refund of the full amount paid for tickets.

### X. FIFTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

72. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

73. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

74. Defendant represented to Plaintiff and Class Members that if they purchased season ticket passes, they would be entitled to the benefits as previously outlined.

75. Defendant's representation was not true.

76. Even if Defendant believed that the representation was true, it had no reasonable grounds for believing it was true when they made it given the potential for widespread closures and modifications for any number of foreseeable circumstances.

77. Defendant intended that Plaintiff and the Class Members would rely on their representations so they would purchase season pass tickets.

78. Plaintiff and the Class Members reasonably relied on Defendant's representations in using and making purchases.

79. As a result, Defendant financially harmed Plaintiff and Class Members, causing damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members request that the Court enter and order or judgment against Defendant including:

1) A certification of the action as a class action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of his counsel as Class Counsel;

2) Damages and refunds in the amount of all consideration paid, in cash, for tickets purchased through Defendant;

3) Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited;

4) Pre-judgement and post-judgement interest on such monetary relief;

5) Injunctive relief, including an order enjoining Defendant from retaining refunds for all season pass tickets;

6) The cost of bringing this suit, including reasonable attorney's fees; and

7) All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

|  |  |
|---|---|
| Dated: 6/4/2020 | By: */s/  Amy L. B. Ginsburg*_____<br>*Amy L. B. Ginsburg, Esq.*<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Telephone: 215-540-8888<br>Email: teamkimmel@creditlaw.com<br><br>*Attorneys for Plaintiff, Krystal Forbes, and all others similarly situated* |

`